UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSTY ENNIS-WHITE & JONATHON ENNIS-WHITE, individually and as legal spouses,<br><br>        Plaintiffs,<br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio company; CAESARS ENTERTAINMENT CORPORATION, a Delaware company; CHRISTOPHER JOHNSON, an individual; FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company; ARCH INDEMNITY INSURANCE COMPANY, a Missouri company; BROADSPIRE SERVICES, INC., a Delaware company,<br><br>        Defendants. | Case No. 2:23-cv-01863-APG-DJA<br><br>**Order (1) Severing Claims Against Nationwide, (2) Transferring Those Claims to the Southern District of Ohio, and (3) Remanding the Remaining Claims to State Court**<br><br>[ECF Nos. 5, 13] |

      Rusty Ennis-White (Ennis) and his husband Jonathan Ennis-White (White) initiated this action in state court against several defendants. Defendant Nationwide Mutual Insurance Company removed the case to this court based on federal question jurisdiction. ECF No. 1. Nationwide contends that all claims asserted against it arise from a benefits plan that is governed by the Employment Retirement Income Security Act (ERISA). That plan contains a forum selection clause requiring that claims be brought in the Southern District of Ohio. Thus, Nationwide moves to sever the claims asserted against it and to transfer those claims to Ohio. ECF No. 5. Because the claims against Nationwide must be litigated in Ohio, I grant the motion to sever and transfer those claims. I also remand the remaining claims to state court based on 28 U.S.C. § 1441(c)(2).

/ / / /

/ / / /

**A.  The plaintiffs' claims against Nationwide are subject to ERISA.**

Ennis worked for Nationwide and was a participant in Nationwide's "Plan for *Your Time and Disability Income Benefits*" (the Plan), an employee welfare benefit plan sponsored by Nationwide. ECF Nos. 1-2 at 9; 5-2.  The Plan is governed by ERISA.  The Plan includes a mandatory forum selection clause stating: "Any legal action against the Plan must be filed in the United States District Court, Southern District of Ohio, Eastern Division." ECF No. 5-2 at 5.  The Plan is administered in Columbus, Ohio, and documents related to the Plan are maintained there. ECF No. 5-3 at 3.

The plaintiffs assert eight claims for relief against Nationwide. ECF No. 1-2.  The plaintiffs allege that "[t]his is not an ERISA suit and does not seek any remedies under ERISA with respect to the suit." *Id.* at ¶ 9.  However, they allege that Nationwide's

> leveraging of the ERISA products that they manage in their capacity as a Plan Sponsor are a component of the Defamation per se, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligent Supervision, Retaliation, and punitive allegations in the complaint and are not meant to seek any recovery related to NATIONWIDE's Short-Term or Long-Term Disability plans or any ERISA plan.

*Id.*  Because the plaintiffs admit that "leveraging of the ERISA products . . . are a component of" their claims, their claims "relate to" ERISA. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39, 145 (1990) ("[I]t is no answer to a pre-emption argument that a particular plaintiff is not seeking recovery of pension benefits."). *Cf Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.").

The amended complaint is replete with additional allegations confirming that the plaintiffs' claims against Nationwide relate to Ennis' benefits under the Plan.[1]  Thus, the claims against Nationwide are subject to the Plan's forum selection clause if it is enforceable.

**B.  The forum selection clause is enforceable.**

"Courts are in near universal agreement: ERISA does not bar forum selection clauses." *In re Becker*, 993 F.3d 731, 733 (9th Cir. 2021).  A "valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring).  Forum selection "clauses are prima facie valid and should be enforced unless" the opposing party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972).

> *Bremen* recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought."

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citation omitted).  None of these reasons exists here.  There are no allegations that the forum selection clause was induced

---

[1] *See, e.g.*, ECF No. 1-2 at ¶ 209 ("Plaintiff ENNIS was told that his claims for protection under FMLA and Short-Term disability would be denied unless he agreed to an IME with a doctor selected by NATIONWIDE from a 'non-published' list of doctors."), ¶ 213 ("Defendant NATIONWIDE has an interest to interfere with the FMLA/STD process."), ¶ 217 ("NATIONWIDE owed Plaintiff ENNIS a duty of care to not interfere in the disability process . . . ; however, as referenced in the complaint, NATIOWNIDE secured information about Plaintiff ENNIS' mental state and past history of abuse in an effort to pressure him to return to work and abandon benefits."), ¶ 232 ("NATIONWIDE's retaliation didn't simply stop at a job restaff but rather continued because of NATIONWIDE's ability to control the plaintiff ENNIS by way of their involvement in the Long-Term disability process.").

3

by fraud, overreaching, or bad faith. The plaintiffs will have an opportunity to present their claims in the Ohio court. And the plaintiffs point to no Nevada policy that would be violated by transfer of their claims. To the contrary, public policy favors enforcement of valid forum selection clauses. And because "public-interest factors . . . will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49, 64 (2013). This is not one of the "unusual" or "exceptional cases" justifying rejection of the forum selection clause. *Id.*; *Stewart*, 487 U.S. at 33.

### C. Severance and transfer are required.

The "mechanism for enforcement of forum-selection clauses that point to a particular federal district" is found in 28 U.S.C. § 1404(a). *Atl. Marine*, 571 U.S. at 59. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The claims against Nationwide could have been brought in the Southern District of Ohio, so transfer there is permitted.

In order to transfer the claims asserted against Nationwide, I must sever them from the claims asserted against the other defendants. Indeed, that result is required by 28 U.S.C § 1441(c)(2). Under that statute, where federal claims are asserted against one party (Nationwide) and non-removable claims are asserted against the other parties, I must sever and remand all claims over which this court does not have original or supplemental jurisdiction. Here, the plaintiffs' claims against the other defendants are based solely on state law, so there is no federal question jurisdiction over them. There is no diversity jurisdiction either, because

4

defendant Johnson is a Nevada resident like the plaintiffs, so complete diversity is lacking. ECF Nos. 8 at 2; 1-2 at 7. And there is no supplemental jurisdiction over these claims because they do not "form part of the same case or controversy," or arise from the same operative facts, as the claims against Nationwide.[2] 28 U.S.C. § 1367(a). Thus, severance, transfer, and remand are required under § 1441(c).[3]

      I THEREFORE ORDER that Nationwide's motion **(ECF No. 5) is granted**. The claims against Nationwide are severed from the claims against the other defendants.

      I FURTHER ORDER the clerk of court to transfer all claims asserted against Nationwide to the Southern District of Ohio, Eastern Division, under 28 U.S.C. § 1404(a).

      I FURTHER ORDER that all claims against the remaining defendants are hereby remanded to the state court from which they were removed under 28 U.S.C. § 1441(c)(2).

      I FURTHER ORDER that the plaintiffs' motion to remand **(ECF No. 13) is denied as moot.**

/ / / /

/ / / /

---

[2] *See, e.g.*, ECF No. 1-2 at ¶¶ 187, 195 (defamation claim against Broadspire and Arch based on an alleged statement made by an attorney retained by Arch and Broadspire regarding Ennis' supposed "agenda that extends far beyond the simple filling of an industrial insurance claim"), ¶ 219 (negligent supervision claim against Caesars arising from the plaintiffs' stay at the Flamingo hotel in December 2021), ¶¶ 236-43, 245-49 (assault and premises liability claims under Nevada law against Caesars and Johnson arising from the plaintiffs' stay at the Flamingo hotel), ¶ 251 (loss of consortium claim by White against Caesars, Flamingo, and Johnson regarding alleged suffering Ennis experienced during the plaintiffs' stay at the Flamingo hotel), ¶¶ 253-55 (claim for unfair practices – disclosure of nonpublic personal information against Arch and Broadspire based on their retaining an attorney whom also allegedly represented Caesars), ¶ 257 (punitive damages claim against Caesars and Johnson regarding arising from actions that occurred during the plaintiffs' stay at the Flamingo hotel).

[3] The plaintiffs filed a motion to remand the entire case, including the claims against Nationwide. ECF No. 13. I deny that motion as moot.

I FURTHER ORDER the clerk of court to close this case after transferring and remanding the claims.

DATED THIS 14th day of March, 2024.

_____
Andrew P. Gordon
United States District Judge