UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUSTY ENNIS-WHITE** and
**JONATHON ENNIS-WHITE,**

    Plaintiffs,

  v.

**NATIONWIDE MUTUAL
INSURANCE COMPANY,**

    Defendant.

:

:

**Case No. 2:24-cv-1236**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A.
Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Nationwide Mutual Insurance Company (ECF No. 6). Rusty and Jonathan Ennis-White responded (ECF No. 11), and Nationwide filed a Reply (ECF No. 17). During the pendency of the Motion to Dismiss, the Ennis-Whites moved for leave to file a Second Amended Complaint (ECF No. 59). For the reasons set forth below, both motions are **DENIED without prejudice.**

I.    **PROCEDURAL HISTORY**

The Ennis-Whites, proceeding *pro se*, commenced this action in October 2023 in Nevada state court, where they alleged state-law claims against Nationwide and other defendants. (ECF No. 1, ¶¶ 1–2; *see also* ECF No. 1-3, PAGEID # 264.) Shortly thereafter, they amended their Complaint to name two new defendants and add related factual allegations. (First Amended Complaint ("FAC"), ECF No. 1-2.) As to Nationwide, the Ennis-Whites primarily challenge the company's (1) treatment of

Rusty[1] after he voiced concerns to company leadership; (2) administration of the Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits (the "Plan") and Rusty's disability benefits thereunder; and (3) handling of Rusty's workers' compensation claim.

The FAC sets forth eight causes of action against Nationwide:

- Defamation Per Se (Count I);
- Intentional Infliction of Emotional Distress (Count II);
- Negligent Infliction of Emotional Distress (Count III);
- Negligent Supervision (Count IV);
- Disability Discrimination (Count V);
- Retaliation (Count VI);
- Loss of Consortium (Count IX); and
- Punitive Damages (Count XI).

(*Id.*, ¶¶ 186–234, 250–251, 256.) The Ennis-Whites seek compensatory and punitive damages, as well as injunctive relief in the form of "the appointment of an independent monitor to oversee Nationwide's practices related to disability claims and ethical procedures." (FAC, Prayer for Relief.)

Believing that the Ennis-Whites' claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Nationwide timely removed the case to Nevada federal court based on federal question jurisdiction. (ECF No. 1.) Nationwide then moved to sever and transfer the claims against it to the Southern District of Ohio, pointing to the Plan's forum selection clause. (ECF No. 5.) Nationwide also filed the instant Motion to Dismiss in the Nevada district court.

---

[1] The Court will refer to the Ennis-Whites individually by their first names to avoid confusion.

(ECF No. 6.) The Ennis-Whites opposed dismissal and moved to remand the case back to state court. (ECF Nos. 11–13.)

Despite the Ennis-Whites' arguments to the contrary, the Nevada district court determined that the claims against Nationwide "relate to" ERISA and are subject to the Plan's forum selection clause. (ECF No. 47, PAGEID # 991–92.) Accordingly, the claims (and Nationwide's pending Motion) were transferred to this Court. (ECF No. 47.)

Shortly thereafter, the Ennis-Whites moved for leave to file a Second Amended Complaint ("SAC"), seeking to add claims, add the Plan and The Hartford (Nationwide's third-party administrator) as Defendants, and remove all other defendants. (ECF No. 59-1.) All claims set forth in the FAC are also asserted in the SAC,[2] along with six new claims:

- Fraudulent Misrepresentation (Counts II and III);
- Violation of Nevada's Workers' Compensation Statutes (Count IV);
- Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Nevada Revised Statutes §§ 207.350 *et seq.* (Count XI);
- Summary Adjudication for Failure to Provide Full ERISA Administrative File (Count XIII); and
- Injunctive Relief (Count XIV).

(SAC, ¶¶ 22–164.)

---

[2] The FAC includes a claim for Negligent Supervision (Count IV). (FAC, ¶¶ 218–20.) In place of this claim, the SAC asserts a similar claim for Negligent Training and Retention (Count IX). (SAC, ¶¶ 111–19.) Additionally, the FAC contains a claim for disability discrimination (Count V) but does not specify whether it is brought under state or federal law. (FAC, ¶¶ 221–22.) In place of this claim, the SAC asserts a disability discrimination claim under the Americans with Disabilities Act ("ADA") (Count VIII). (SAC, ¶¶ 99–109.)

## II. ANALYSIS

Although the Nevada district court considered subject matter jurisdiction when it evaluated the Ennis-Whites' Motion to Remand, this Court must also ensure that it has subject matter jurisdiction before it addresses Nationwide's Motion to Dismiss and the Ennis-Whites' Motion to Amend.[3] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (finding that subject matter jurisdiction is threshold issue that courts must address and resolve prior to reaching merits of case).

### A. Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[3] Although this case originated in Nevada, the Court applies the law of its own circuit to evaluate whether the case is properly in federal court based on federal question jurisdiction. *See, e.g., Hueso v. Barnhart*, 948 F.3d 324, 337 (6th Cir. 2020) (acknowledging "the background norm that each court should apply its own precedent on the meaning of federal law"); *Isaac v. Life Invs. Ins. Co. of Am.*, 749 F. Supp. 855, 863 (E.D. Tenn. 1990); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) ("[T]he law of a transferor forum on a federal question … merits close consideration, but does not have stare decisis effect in a transferee forum."). The Court observes that the Ninth Circuit's interpretation of subject matter jurisdiction in the context of ERISA preemption is generally the same as that of the Sixth Circuit. *See, e.g., Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). "[F]ederal courts must construe the removal statutes strictly, resolving all doubts in favor of remand." *Kim v. Lee*, No. 1:21-CV-613, 2021 WL 5494326, at *1 (S.D. Ohio Nov. 23, 2021) (Cole, J.) (citation omitted).

A federal court is obliged to *sua sponte* examine jurisdictional issues, including the existence of subject matter jurisdiction. *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804); *Clark v. United States*, 764 F. 3d 653, 657 (6th Cir. 2014); *see also In re DePuy Orthopaedics,* 953 F.3d. 890, 892 (6th Cir. 2020) ("[F]ederal courts must catch jurisdictional defects at all stages of a case, even when substantial resources have already been invested in it."). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County Government Civil Service Com'n v. Overstreet*, 115 Fed. App'x 813, 816–17 (6th Cir. 2004).

5

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). A defense is not part of a plaintiff's properly pleaded statement of his claim. *Id.* (citations omitted). Thus, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint[.]" *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

A corollary to the well-pleaded complaint rule is the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet*, 522 U.S. at 475 (quoting *Franchise Tax Bd.*, 463 U.S. at 22). If a court finds that a plaintiff has "artfully pleaded" claims in this manner, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. *Id.* The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claims. *Id.*; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 944 (6th Cir. 1994) (citations omitted) ("[F]ederal question jurisdiction exists when the plaintiff's claim occurs in an area of the law which Congress has so completely preempted that any complaint raising a claim in that area necessarily presents a federal issue.").

B.   **ERISA Preemption**

Nationwide removed the instant case on the ground that ERISA preempts

6

some or all the Ennis-Whites' claims. (ECF No. 1, ¶¶ 10, 14.) ERISA is a comprehensive federal act designed to regulate employee welfare and pension benefits plans. *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 664 (S.D. Ohio 2002) (Graham, J.) (citing *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650–51 (1995)). It was enacted to "replace a patchwork scheme of state regulation of employee benefit plans with a uniform set of federal regulations." *Id.* (citing *FMC Corp. v. Holliday*, 498 U.S. 52, 56–60 (1990)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53–54 (1987) (ERISA's enforcement scheme "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA").

Although the parties did not provide the Court with a copy of the entire Plan, they agree that it is governed by ERISA. (ECF No. 5, PAGEID # 492–93; FAC, ¶ 132 (referencing Rusty's exercise of his "rights under ERISA to request a copy" of the Plan), ¶ 213 ("[The Plan] is an ERISA based product that integrates short-term disability, long-term disability, and paid time off.").[4]

There are two forms of ERISA preemption: (1) express preemption, and (2)

---

[4] *See also* 29 U.S.C. § 1002(1) ("The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services[.]").

complete preemption. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987).

*First*, pursuant to 29 U.S.C. § 1144(a), ERISA expressly preempts any state laws that "relate to" an ERISA plan. Express preemption is strong and "displace[s] all state laws that fall within its sphere[.]" *K.B. by & through Qassis v. Methodist Healthcare—Memphis Hosps.*, 929 F.3d 795, 800 (6th Cir. 2019) (quoting *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 829 (1988) (citation omitted)). Courts broadly interpret the phrase "relate to," such that a state-law claim is expressly preempted if "it has connection with or reference to that plan," regardless of the label placed on the claim or the plaintiff's intent or design. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991). Only those state law claims "whose effect on employee benefit plans is merely tenuous, remote or peripheral" are not expressly preempted. *Id.*

*Second*, pursuant to 29 U.S.C. § 1132(a), any state-law cause of action "that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is completely preempted. *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016) (internal quotations and citation omitted). Complete preemption applies to a state-law claim that falls "within the scope" of ERISA's civil enforcement provision, which allows a "participant" or "beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Taylor*, 481 U.S. at 66. However, § 1132(a) does not encompass claims that stem from a duty that "is not derived from, or conditioned

8

upon, the terms" of an ERISA plan. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013). Thus, a claim falls within the scope of § 1132(a) when the plaintiff (1) "complains about [benefits] to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms.'" *Id*. at 613 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). Additionally, employers may not "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]" 29 U.S.C. § 1140. This prohibition "is enforced exclusively through § 1132." *Kalo v. Moen Inc.*, 93 F. Supp. 2d 869, 875, 875 n.4 (N.D. Ohio 2000) (citing 29 U.S.C. § 1140).

Distinguishing between express preemption and complete preemption is key to determining whether a preemption defense raises a federal question supporting federal subject matter jurisdiction. Although express preemption applies more broadly, it does not confer federal subject matter jurisdiction standing alone. *Franchise Tax Bd.*, 463 U.S. at 25–27 (express preemption alone is insufficient to convert a state-law claim into an action arising under federal law); *Alexander*, 13 F.3d at 944. "The mere fact that ERISA preemption under § 1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 872 (S.D. Ohio 2005); *see*

9

*also K.B.*, 929 F.3d at 800 ("[S]imply because a state law claim might fall within § 1144(a)'s broad preemptive reach does not alone suffice to take it outside the normal rule that a federal preemption defense does not make a case with state law claims removable to federal court."). On the other hand, complete preemption converts a state-law claim to a federal question for purposes of subject matter jurisdiction. *Id.* at 872; *see also Loffredo v. Daimler, AG*, 500 Fed. App'x. 491, 500 (6th Cir. 2012) (Moore, J., concurring) ("[S]tate-law claims that are completely preempted are, in fact, federal claims.").

In sum, express preemption "is a defense; it is grounds for dismissal but not for removal." *Zahuranec v. CIGNA Healthcare, Inc.*, No. 1:19CV2781, 2020 WL 7335286, at *9 (N.D. Ohio Dec. 14, 2020) (quoting *Loffredo*, 500 Fed. App'x. at 500 (Moore, J., concurring)); *see also Huisjack v. Medco Health Sols., Inc.*, 492 F. Supp. 2d 839, 849–51 (S.D. Ohio 2007) (Frost, J.). Complete preemption "is grounds for removal but not grounds for dismissal." *Zahuranec,* 2020 WL 7335286, at *9.

  **C. Whether ERISA Preempts the Ennis-Whites' Claims**

When Nationwide removed this case to federal court, it stated that the eight claims in the FAC "are preempted by ERISA because each claim 'relates to' disability benefits for Plaintiff Ennis under an employee benefits plan governed by ERISA." (ECF No. 1, ¶¶ 10, 18–25.) This language was adopted with little analysis by the Nevada district court. (ECF No. 47, PAGEID # 992 (finding that the Ennis-Whites' claims "relate to" Rusty's benefits under the Plan).) But, as explained above, claims merely "related to" ERISA are not removable. *Zahuranec*, 2020 WL 7335286,

10

at *9; *see also Franchise Tax Bd.*, 463 U.S. at 23–27 (preemption under § 1144(a) does not permit removal if the claim does not fall within the scope of § 1132(a)).[5] And though Nationwide's Notice of Removal cursorily mentions that the Ennis-Whites' claims are "within the scope of" § 1132(a) (ECF No. 1, ¶ 26), such a conclusory reference is insufficient to establish federal subject matter jurisdiction.

Accordingly, the parties are hereby **ORDERED** to address the issue of ERISA preemption and whether this Court has subject matter jurisdiction over this action based on the FAC (the operative pleading at the time of removal). Nationwide shall file its brief, along with a complete copy of the Plan, **within twenty-one (21) days** of this Order. The Ennis-Whites may respond **within fourteen (14) days** of the filing of Nationwide's brief. No replies will be permitted.

D.     **Pending Motions**

Assuming that the Court has subject matter jurisdiction over this dispute, the case was transferred from Nevada to the Southern District of Ohio during the pendency of Nationwide's Motion to Dismiss, leaving unaddressed choice-of-law issues in that Motion. To the extent that Nationwide argues that the Ennis-Whites' state-law claims fail on their merits (or are futile, for purposes of the Motion to Amend) for reasons other than ERISA preemption, the Court must decide two things: (1) which state's choice of law rules apply; and (2) which state's substantive

---

[5] Tellingly, despite the different requirements for express and complete preemption, the arguments Nationwide asserts in its Motion to Dismiss as to ERISA preemption are nearly identical to those it advances in its Notice of Removal and its response in opposition to the Ennis-Whites' Motion to Remand. (*Compare* ECF No. 6, PAGEID # 523, *with* ECF No. 1, ¶ 18, *and* ECF No. 22, PAGEID # 675.)

11

law applies. *Gentox Med. Servs. v. Abdelwahab*, No. 1:21-CV-1516, 2021 WL 6113546, at *2 (N.D. Ohio Dec. 27, 2021).

Because the parties briefed the Motion to Dismiss prior to the transfer of the case to this Court, they understandably discuss the Ennis-Whites' state-law claims under Nevada law and do not consider or identify any conflict between Ohio and Nevada law. (ECF No. 6, PAGEID # 637; ECF No. 11, PAGEID # 570–76.) The parties' arguments concerning the Motion to Amend are also based primarily in Nevada law. (*See, e.g.*, ECF No. 61, PAGEID # 86 n.2, 93.) Without arguments under Ohio law (or on the extent to which it should apply), the Court is not properly positioned to consider the pending motions. Accordingly, the motions are **DENIED without prejudice.**

Considering the above, Nationwide is **ORDERED** to refrain from filing any further motions to dismiss or other responsive pleadings, and the Ennis-Whites are similarly **ORDERED** to refrain from seeking leave to amend their FAC, until the issue of subject matter jurisdiction has been resolved.

V. **CONCLUSION**

Nationwide's Motion to Dismiss (ECF No. 6) and the Ennis-Whites' Motion to Amend (ECF No. 59) are **DENIED without prejudice**.

The parties are **ORDERED** to brief the issue of whether the Court has subject matter jurisdiction over this action, including whether ERISA completely preempts the Ennis-Whites' claims in the FAC. Nationwide shall file its brief, along with a complete copy of the Plan, **within twenty-one (21) days** of this Order. The

Ennis-Whites may respond **within fourteen (14) days** of the filing of Nationwide's brief. No replies will be permitted.

    **IT IS SO ORDERED.**

                                /s/ Sarah D. Morrison
                                **SARAH D. MORRISON**
                                **CHIEF UNITED STATES DISTRICT JUDGE**